**Edsel B. HESLIP, Plaintiff–Appellant,**

v.

**WASHINGTON STATE PATROL; et al., Defendants–Appellees.**

No. 04–35139.
D.C. No. CV–03–00288–RHW.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

Edsel B. Heslip, Ellensburg, WA, pro se.

Carl Perry Warring, Esq., Attorney General, Spokane, WA, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Edsel B. Heslip appeals pro se the district court's summary judgment in his civil

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

rights action alleging unreasonable seizure of his person, violation of equal protection, and use of excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Squaw Valley Dev. Co. v. Goldberg,* 375 F.3d 936, 943 (9th Cir.2004), and we affirm.

Heslip's action arises from a traffic stop during which two state troopers, under the mistaken belief that there was a felony warrant for Heslip's arrest, handcuffed and placed him in a state trooper vehicle. Upon learning that there was no warrant, the state troopers released Heslip. The incident lasted approximately twenty minutes.

 The district court properly granted summary judgment for the State of Washington and the state troopers in their official capacity based on Eleventh Amendment immunity. *See Draper v. Coombs,* 792 F.2d 915, 918–19 (9th Cir. 1986). The district court also properly granted the individual defendants summary judgment. The state troopers were entitled to qualified immunity for the unreasonable seizure claim because they relied on information from a communications officer that there was a warrant for Heslip's arrest. *See Choi v. Gaston,* 220 F.3d 1010, 1012–13 (9th Cir.2000) (per curiam). Heslip failed to present sufficient evidence to permit a reasonable trier of fact to find that the state troopers' actions were racially motivated, *see Bingham v. City of Manhattan Beach,* 341 F.3d 939, 948–49 (9th Cir.2003), or that excessive force was used, *see Jackson v. City of Bremerton,* 268 F.3d 646, 653 (9th Cir.2001).

Heslip's assertions that the individual defendants and the communications officer all lied and that the videotape of the inci-

dent was altered are not supported by evidence and do not create a triable issue of fact. *See Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.,* 764 F.2d 604, 608–09 (9th Cir.1985) ("Neither a desire to cross-examine affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary judgment, unless other evidence about an affiant's credibility raises a genuine issue of material fact.").

Heslip's remaining contentions are not persuasive.

AFFIRMED.